# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT,<br><br>          Plaintiff,<br><br>     v.<br><br>R. NICHOLAS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00800-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' UNENUMERATED 12(b) MOTION AND DISMISSING RETALIATION CLAIM AGAINST DEFENDANT HOLGUIN<br><br>(Doc. 38) |

**I.    Factual and Procedural Background**

Plaintiff Virgil E. Holt, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2009. Doc. 1. This action is proceeding on Plaintiff's second amended complaint filed on April 8, 2010, against: 1) Defendants R. Nicholas, A. Holguin, J. Ortega, L. Machado, J. Juden, G. Adame, F. Rivera, R. Valverde, D. Coontz, M. Bubbel, K. Prior, J. Tyree, Large, Soto, Yubeta, Worrell, Vo, Knight, T. Crouch, Pinkerton, and Valasco for violation of the Eighth Amendment; 2) Defendant Holguin for retaliation in violation of the First Amendment and 3) Defendants Carrasco and D. Zanchi for supervisory liability. Doc. 21 (2d amend. Cmplt); Doc. 23, Doc. 28.[1]

On March 22, 2011, Defendants filed a motion for judgment on the pleadings based on the Eighth Amendment claims being time-barred and filed an unenumerated 12(b) motion for failure to

---

[1] Defendants Hopkins, Eubanks, Nipper Stevenson and Lundy were dismissed pursuant to the order filed September 3, 2010, adopting the Court's findings and recommendations. Doc. 28. Defendant "Crouch" was dismissed regarding counts 12, 14, 15 for due process and retaliation, however, the Court found a cognizable Eighth Amendment Claim Defendant "T. Crouch." Doc. 23 at 3, 8; Doc. 28.

1

exhaust the retaliation claim against Defendant Holguin. Doc. 38. On May 23, 2011, Plaintiff filed an opposition. Doc. 45. On June 2, 2011, Defendants filed a reply wherein they withdrew their motion for judgment on the pleadings on the grounds of statute of limitations and the court will not reach that portion of the motion. Therefore, pending before the Court is Defendants' unenumerated 12(b) for failure to exhaust the retaliation claim against Defendant Holguin. Doc. 38.

## II.     Failure to Exhaust

### A.     Legal Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2. Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8.

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

The Supreme Court has held that the exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006). "To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91).

**B.     Discussion**

Regarding Plaintiff's retaliation claim against Defendant Holguin, the parties do not dispute that Plaintiff proceeded through the administrative grievance process, through to the Director's Level appeal and that at the appeal was remanded to the second-level response. Doc. 38 at 4-5, Doc. 45 at 8-10. The remanded second level decision was given on February 26, 2010. Doc. 38-4 (Ex. I at 4). Defendants submit a copy of the remanded decision at the second level appeal wherein it states that, if Plaintiff was dissatisfied with the amended second-level decision, he could submit his grievance to the Director's-level. Doc. 38-4 (Ex. I at 4). Defendants argue that since the second level appeal denied "most of" the relief that Plaintiff sought and there was an additional avenue of possible relief available to Plaintiff after the second level appeal, that Plaintiff failed to exhaust administrative remedies. Doc. 38 at 8-9. In his opposition, Plaintiff counters that the remanded second level review decision led Plaintiff to believe that no additional relief would be available to him. Doc. 45 at 9. Additionally, Plaintiff argues that he was transferred on February 17, 2010, and receive the partial grant from the second level appeal on February 29, 2010, which made the remaining issues moot to him.

Even if Plaintiff exhausted administrative remedies in February of 2010, such exhaustion

came after Plaintiff filed this action on May 4, 2009. As the Court observed above, Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005). Since Plaintiff filed this action prior to exhaustion of his administrative remedies, the Court recommends that Defendants unenumerated 12(b) motion be granted and the retaliation claim against Defendant Holguin be dismissed. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90-91.

### III. Conclusion and Recommendation

Based on the foregoing, the court HEREBY RECOMMENDS that: Defendants' unenumerated 12(b) motion be granted and the retaliation claim against Defendant Holguin be dismissed. Doc. 38.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   November 14, 2011

UNITED STATES MAGISTRATE JUDGE

4