# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

VIRGIL E. HOLT,

               Plaintiff,

    v.

R. NICHOLAS, et al.,

               Defendants.

_____/

CASE NO. 1:09-cv-00800-AWI-GBC (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND REQUEST TO DENY EXTENSION TO DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS

(Doc. 54)

Plaintiff Virgil E. Holt, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2009.  Doc. 1.  This action is proceeding on Plaintiff's second amended complaint filed on April 8, 2010, against: 1) Defendants R. Nicholas, A. Holguin, J. Ortega, L. Machado, J. Juden, G. Adame, F. Rivera, R. Valverde, D. Coontz, M. Bubbel, K. Prior, J. Tyree, Large, Soto, Yubeta, Worrell, Vo, Knight, T. Crouch, Pinkerton, and Valasco for violation of the Eighth Amendment; 2) Defendant Holguin for retaliation in violation of the First Amendment and 3) Defendants Carrasco and D. Zanchi for supervisory liability.  Doc. 21; Doc. 23, Doc. 28.[1]

On October 13, 2011, Plaintiff filed a motion for sanctions on the grounds that Defendants filed a motion for extension of time in order to intentionally cause delay and circumvent their responsibility to comply with discovery rules.  (Doc. 54).  Plaintiff further requests that the Court

_____

[1] Defendants Hopkins, Eubanks, Nipper Stevenson and Lundy were dismissed pursuant to the order filed September 3, 2010, adopting the Court's findings and recommendations.  Doc. 28.  Defendant "Crouch" was dismissed regarding counts 12, 14, 15 for due process and retaliation, however, the Court found a cognizable Eighth Amendment Claim Defendant "T. Crouch."   Doc. 23 at 3, 8; Doc. 28.

deny Defendants' request for an extension to respond to Plaintiff's numerous discovery requests for 66 sets of interrogatories so that Plaintiff can submit a motion to compel.  (Doc. 54).

Federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct, or "willful disobedience" of a court order.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987); *see Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3rd Cir. 1995).  "Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45-46; *see Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975).

Bad faith is tested objectively.  "[A] district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.*, 764 F.2d 204, 210 (3rd Cir. 1985); *Perichak v. International Union of Elec. Radio*, 715 F.2d 78, 79 (3rd Cir. 1983).  There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Ford*, 790 F.2d at 347.

Defendants do not appear to have engaged in bad faith conduct in requesting extensions to respond to pending discovery requests especially in light of the numerosity of the requests. Moreover, the Court has already granted Defendants' request for extension and Plaintiff's request to deny the extension is moot.

Accordingly, Plaintiff's motion is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:    November 16, 2011

UNITED STATES MAGISTRATE JUDGE