# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT,<br><br>        Plaintiff,<br><br>    v.<br><br>R. NICHOLAS, et al.,<br><br>        Defendants. | Case No. 1:09-cv-00800-AWI-SAB<br><br>**ORDER RE: MOTIONS**<br><br>(ECF Nos. 64, 66, 69, 70, 73, 74, 75, 80, 90, 91, 95, 98, 100) |

Plaintiff Virgil E. Holt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court are several motions and requests filed by Plaintiff and Defendants. (ECF Nos. 64, 66, 69, 70, 73, 74, 75, 80, 90, 91, 95, 98, 100.)

## I.

## DISCUSSION

**A.    Plaintiff's Motion For Court Appointed Independent Representative**

On March 8, 2012, Plaintiff filed a Motion and Request for Court Appointed Independent Representative. (ECF No. 64.) Plaintiff requests the Court to appoint an "independent representative" to take pictures of various areas of the prison where the incidents alleged in Plaintiff's complaint occurred, take measurements of those same areas and conduct interviews of other inmates witnesses.

1

1    Plaintiff fails to provide the Court with any legal authority authorizing the Court to appoint an "independent representative" to conduct investigatory activities on Plaintiff's behalf. Although the Court possesses analogous authority to, in its discretion, designate counsel to represent an indigent civil litigant, 28 U.S.C. § 1915(e)(1); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), the Court declines to do so here. Counsel may only be designated in "exceptional circumstances" based upon factors such as the likelihood of success on the merits and the ability of the petitioner to articulate his claims in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. Plaintiff has failed to demonstrate that either factor exists here. Accordingly, Plaintiff's motion for a court appointed independent representative will be denied.

### B.   Plaintiff's Motion to Amend the Scheduling Order

On March 14, 2012, Plaintiff filed a motion seeking to extend the deadlines set forth in the Court's scheduling order. (ECF No. 66.) Defendants filed an opposition on March 29, 2012. (ECF No. 67.) Plaintiff filed a reply on April 11, 2012, along with a motion requesting "leave to file [his] reply" and a motion to "supplement and amend" his original motion. (ECF Nos. 69, 70, 71.) Both parties continued to file responses, motions, replies and other briefing on the issue. (ECF Nos. 72, 73, 74, 75, 76.)

Initially, the Court issued the original discovery and scheduling order in this matter on January 26, 2011, setting September 26, 2011 as the cut-off for discovery and December 5, 2011 as the cut-off for filing dispositive motions. (ECF No. 37.) On December 7, 2011, the Court granted Defendants' request to modify the scheduling order, extending the deadline for conducting discovery to March 20, 2012 and the deadline for filing dispositive motions to April 17, 2012. (ECF No. 59.)

Plaintiff's motion seeks a second extension of the discovery deadlines because Plaintiff was scheduled to make a court appearance in an unrelated matter on March 15, 2012. (Mot. To Am. And Ext. Disc. Sched. Order ("Mot. To Ext. Disc.") 2:24-3:1.) Plaintiff stated that, upon his return from his court appearance, he will be without his "legal property" for an extended period of time. (Mot. To Ext. Disc. 3:2-11.) Plaintiff propounded discovery on Defendants and only received partial responses. (Mot. To Ext. Disc. 3:12-17.) After receiving complete responses,

Plaintiff expected to serve follow-up discovery requests based upon the information received from Defendants. (Mot. To Ext. Disc. 3:12-17.) Plaintiff also notes that many of Defendants' discovery responses are objectionable and may be subject to motions to compel. (Mot. To Ext. Disc. 4:6-25.) Plaintiff also notes that several responses are outstanding because Plaintiff gave Defendants an extension of time until March 20, 2012 (the last day of discovery) to submit their replies. (Mot. To Ext. Disc. 2:17-23.)

In their opposition, Defendants noted that Plaintiff settled the matter referenced in Plaintiff's motion on March 13, 2012. (Opp'n to Pl.'s Req. for a 120 Day Ext. of Time ("Opp'n to Ext.") 2:24-25.) Plaintiff returned to prison early. (Opp'n to Ext. 2:25-27.) Defendants also note that Plaintiff has already propounded 1,460 discovery requests to the 23 Defendants in this matter. (Opp'n to Ext. 4:24-25.) Plaintiff failed to explain why he did not include the discovery requests he intends to propound earlier. (Opp'n to Ext. 5:5-7.) Plaintiff's subsequent filings explain that Defendants' responses to Plaintiff's discovery requests were delayed because they were forwarded to various prisons under the mistaken belief that Plaintiff was transferred for his court appearance. (Mot. To Expurgate and Clarify the Record and Facts Before the Court 3:18-27.)

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotations and citations omitted). "In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)); see also Fed. R. Civ. Proc. 16(b)(4). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id. (quoting Johnson, 975 F.2d at 609).

Here, Plaintiff fails to demonstrate diligence because he seeks to extend the scheduling order based on circumstances that were within his control. Discovery was open in this matter from January 26, 2011 to March 20, 2012--a span of 419 days. The Court will not extend the time to conduct discovery for an additional 120 days simply because Plaintiff had to attend to

3

court proceedings on March 15, 2012, a mere five days before discovery would have closed. Plaintiff should have planned accordingly and propounded his discovery requests early enough such that the responses would not come on the last day of the discovery period.

The Court's January 26, 2011 Scheduling Order specifically advised the parties that discovery requests must be served early enough before the deadline to facilitate a response and that the discovery deadline also applied to filing motions to compel. (Disc. Order/Sched. Order 1:23-24, 2:15-16.) There is nothing within the multiple filings submitted by Plaintiff that demonstrates why Plaintiff failed to exercise diligence by planning ahead and propounding his discovery earlier to give himself time to propound follow-up requests or file a motion to compel. Accordingly, the Court finds that Plaintiff failed to demonstrate diligence and Plaintiff's motion to extend the discovery deadline will be denied.[1]

**C.     Defendants' Request To Extend The Deadline To File Dispositive Motions**

On April 16, 2012, Defendants filed a "Response to Plaintiff's Amended Motion to Modify the Scheduling Order and Reopen Discovery." (ECF No. 72.) Buried within this document appears to be a request to extend the deadline for filing dispositive motions. (Defs.' Resp. to Pl.'s Am. Mot. To Mod. The Sched. Order and Reopen Disc. 4:5-23, 5:12-14.) Since Plaintiff's motion to modify the scheduling order was denied and Defendants failed to file an independent motion to extend the deadline to file dispositive motions, the Court will not consider Defendants' request.

**D.     Untimely and/or Mooted Motions**

Since Plaintiff's request to modify the scheduling order is denied and Defendants failed to properly seek an extension of the dispositive motion deadline, the following motions are untimely under the scheduling order and shall be denied as untimely:

---

[1] Plaintiff filed several motions/requests seeking permission to file additional replies, supplement the record, and/or "amend" his original motion to extend the discovery deadline. (ECF Nos. 69, 70, 73, 74, 75.) The Court reviewed these filings thoroughly and having considered the arguments set forth therein, finds that none of them address matters that would sway the Court's ruling on Plaintiff's motion to extend the discovery deadline. Specifically, none of the additional briefs demonstrate Plaintiff's diligence in conducting discovery in a timely fashion. Accordingly, Plaintiff's requests to supplement, amend and add to his briefing will be denied.

- o Plaintiff's May 25, 2012 motion to compel (ECF No. 80);
- o Plaintiff's August 16, 2012 motion to compel. (ECF No. 90.)

Since the Court will deny Plaintiff's motions to compel because they were untimely, the following motions related to the motions to compel are denied as moot:

- o Plaintiff's August 28, 2012 Motion for Relief from Court Order (seeking a stay of the proceedings pending the outcome of Plaintiff's motion to compel). (ECF No. 91.)
- o Defendants' October 8, 2012 motion to strike Plaintiff's August 16, 2012 motion to compel. (ECF No. 100.)

Plaintiff's September 10, 2012 Motion to Stay Proceedings to Complete Discovery will be denied as moot because discovery is already closed. (ECF No. 95.)

### E. Plaintiff's Request for Sanctions

On September 28, 2012, Plaintiff filed a motion requesting sanctions under Federal Rule of Civil Procedure 11 on the grounds that "counsel for defendants has filed a false summary judgment opposition under the pretext that plaintiff filed the document." (ECF No. 98.) Defendants' August 1, 2012 request for supplemental briefing inadvertently stated that Plaintiff had filed an opposition to Defendants' motion for summary judgment and that, in light of the Ninth Circuit's opinion in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Plaintiff should be given the opportunity to amend his opposition if he so chooses. At that time, Plaintiff had not filed any opposition to Defendants' motion for summary judgment. Accordingly, Defendants' assertion that he had was false.

Defendants' inadvertent error is not the type of misrepresentation that would justify sanctions under Rule 11. See Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001) (court may not issue Rule 11 sanctions for mere inadvertent conduct). Accordingly, Plaintiff's motion will be denied.

///

///

///

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's March 8, 2012 motion for a court appointed "independent representative" is DENIED (ECF No. 64);

2. Plaintiff's March 14, 2012 motion to amend and extend the scheduling order is DENIED (ECF No. 66);

3. Plaintiff's April 11, 2012 request/motion to supplement and amend Plaintiff's March 14, 2012 motion is DENIED (ECF No. 69);

4. Plaintiff's April 11, 2012 request/motion for leave to file a reply to Defendant's opposition is DENIED (ECF No. 70);

5. Plaintiff's April 18, 2012 motion to "expurgate and clarify the record" is DENIED (ECF No. 73);

6. Plaintiff's April 18, 2012 motion for "leave to file reply to Defendants' opposition" is DENIED (ECF No. 74);

7. Plaintiff's May 10, 2012 motion for "leave to file reply to Defendant's response to Plaintiff's request to supplement and amend" is DENIED (ECF No. 75);

8. Plaintiff's May 25, 2012 motion to compel is DENIED because it was untimely filed (ECF No. 80);

9. Plaintiff's August 16, 2012 motion to compel is DENIED because it was untimely filed (ECF No. 90);

10. Plaintiff's August 28, 2012 motion for relief from order of the Court is DENIED as moot (ECF No. 91);

11. Plaintiff's September 10, 2012 motion to stay proceedings and complete discovery is DENIED as moot (ECF No. 95);

12. Plaintiff's September 28, 2012 motion for sanctions is DENIED; and

///

///

13. Defendants' October 8, 2012 motion to strike Plaintiff's motion to compel will be DENIED as moot (ECF No. 100).

IT IS SO ORDERED.

Dated:   **February 11, 2013**

UNITED STATES MAGISTRATE JUDGE

7