# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT, | 1:09-cv-00800-AWI-SAB (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| R. NICHOLAS, et al., | (ECF No. 111) |
| Defendants. | |

Plaintiff Virgil E. Holt, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2009. On April 26, 2013, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 111.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation and quotation

1  marks omitted); <u>Wilborn</u> 789 F.2d at 1331.

2      In the present case, the Court does not find the required exceptional circumstances exist at
3  this time. Even if it is assumed that Plaintiff is not well versed in the law and that he has made
4  serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The
5  Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment
6  of counsel is HEREBY DENIED, without prejudice.

10  IT IS SO ORDERED.

12     Dated:   **May 1, 2013**                                      
                                            UNITED STATES MAGISTRATE JUDGE