# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT,<br><br>        Plaintiff,<br><br>    v.<br><br>R. NICHOLAS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00800-AWI-SAB (PC)<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS AND ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 79, 86, & 110) |

Plaintiff Virgil E. Holt, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2009. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

On June 11, 2012, Defendants filed a motion for summary judgment. Doc. No. 79. On August 1, 2012, Defendants requested supplemental briefing to comply with the new Ninth Circuit notice requirement. Doc. No. 86. On February 12, 2013, the Magistrate Judge issued a Findings and Recommendations ("F&R"), that recommended denying Defendants' motion for summary judgment and denying Defendants' request for supplemental briefing. Doc. No. 110. Neither party submitted objections to the F&R.

After reviewing this case, the Court respectfully disagrees with the F&R. The F&R recommends denying summary judgment because Defendants' motion was filed untimely. The F&R is correct that the motion is untimely. However, there are 21 defendants in this case, with

---

[1] The Court notes that this case was reassigned to a new Magistrate Judge in January 2013.

1

claims based on excessive force, failure to decontaminate/provide medical care, and supervisory liability.  A review of the summary judgment motion indicates that there are potentially meritorious arguments that could reduce the claims to be tried and significantly reduce the number of defendants.  Further, Defendants are arguing that they are entitled to qualified immunity.  Addressing qualified immunity prior to trial is preferable to addressing the issue for the first time during trial.  Admittedly, until Plaintiff files an opposition, it is unknown whether summary judgment in favor of any claims or any Defendants ultimately will be granted.  If Plaintiff creates genuine disputed issues of material fact for each claim and each Defendant, then this case will proceed against all 21 Defendants and all claims.  However, given the issues involved and the potential to significantly narrow this case, the Court finds that permitting Defendants the opportunity to move for summary judgment, despite untimeliness, is appropriate.

Further, in August 2012, an erroneous order issued that advised Plaintiff to either stand on his opposition to summary judgment or submit a new opposition.  See Doc. No. 89.  Plaintiff rightly stated that he had not filed an opposition.  See Doc. No. 91.  Plaintiff also indicated that he needed discovery responses from Defendants and that he had motions to compel that were pending.  See id.  A review of the record indicates that Plaintiff did file motions to compel discovery responses, Defendants received various extensions of time to anser those motions, but that the motions to compel were eventually denied as untimely under the scheduling order.

As indicated, the Court will permit Defendants the opportunity to file a timely summary judgment motion.  In light of Doc. No. 91 and the prior motions to compel, the Court also will permit Plaintiff the opportunity to obtain additional discovery.  Specifically, Plaintiff will be permitted the opportunity to file a new motion to compel that addresses any outstanding discovery to which Plaintiff believes himself entitled.  Once that motion is filed, Defendants shall file a response.  The Magistrate Judge will then rule on the motion to compel.  After the new motion to compel is resolved, the parties will contact the Magistrate Judge for the purpose of setting a new dispositive motions deadline and, if it is determined to be necessary, a new discovery deadline.  If Plaintiff believes that a motion to compel is no longer necessary, he shall so inform the Court, and the Magistrate Judge will then set a new dispostive motions deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to adopt the Findings and Recommendation (Doc. No. 110);
2. Defendants' motion for summary judgment (Doc. No. 79) is DENIED without prejudice to re-filing in accordance with a new dispositive motions deadline;
3. Defendants' request for supplemental briefing (Doc. No. 86) is DENIED as moot;
4. Plaintiff shall file either a new motion to compel discovery responses, or inform the Court that a motion to compel is no longer necessary, no later than October 30, 2013;
5. Defendant shall file an opposition to the motion to compel within twenty-one (21) days of receipt of Plaintiff's motion;
6. Plaintiff may file a reply within fourteen (14) days of service of Defendants' opposition; and
7. This case is referred to the Magistrate Judge for the purpose of ruling on Plaintiff's motion to compel, setting a new dispositive motions deadline, and possibly setting a new discovery deadline.

IT IS SO ORDERED.

Dated:   September 26, 2013

SENIOR DISTRICT JUDGE

3