UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT,<br><br>        Plaintiff,<br><br>    v.<br><br>R. NICHOLAS, et al.,<br><br>        Defendants. | ) Case No.: 1:09-cv-00800-AWI-SAB (PC)<br>)<br>) ORDER REGARDING PLAINTIFF'S<br>) MOTION TO COMPEL<br>)<br>) [ECF No. 118]<br>)<br>)<br>) |

Plaintiff Virgil E. Holt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

This action is proceeding against twenty-three defendants for cruel and unusual punishment. It is alleged that Defendants Nicholas, Holguin, Ortega, Machado, and Juden used excessive force on Plaintiff by dispensing O.C. pepper spray into his cell on April 9, 2007, and Defendants Carrasco and Zanchi knew that Nicholas and Holguin would use excessive force and failed to act to prevent it. It is further alleged that Defendants Adame, Bubbel, Coontz, Knight, Large, Pinkerton, Prior, Rivera, Soto, Tyree, Valverde, Vo, Worrell, and Yubeta were deliberately indifferent to a serious medical need by refusing to provide Plaintiff with any decontamination while he waited for several hours to be rehoused in the administrative segregation unit.

1

Now pending before the Court is Plaintiff's motion to compel, filed October 28, 2013. Defendants filed an opposition on November 18, 2013. Plaintiff did not file a reply.

## II.

## DISCUSSION

### A.  Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.  Motion to Compel**

1.  Requests for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.

3

Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

An "evasive or incomplete … answer, or response is to be treated as a failure to . . . answer, or respond."  Fed. R. Civ. P. 33(b)(1), 37(a)(3).  Federal Rules of Civil Procedure 34 requires that a party responding to a request for production must either state that inspection of documents and related activities will be permitted as requested, or state an objection, including the specifics of the objection and how that objection relates to the documents being demanded.  Fed. R. Civ. P. 34(a), (b)(2)(B). Generic, boilerplate objections to discovery are not sufficient.  See Marti v. Baires, No. 1:08-cv0-00653-AWI-SKO (PC), 2012 WL 2029720, *5-6 (E.D. Cal. 2012) (reliance on boilerplate objections is an abuse of the discovery process); see also A. Fraber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 5th Cir. 1990)

4

1 (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were
2 insufficient to meet objecting party's burden of explaining why discovery requests were
3 objectionable).

### a. Defendant Nicholas

**Production of Document 4**: "Please produce a copy of each disciplinary reprimand written against you for excessive use of force on an inmate prior to 1/1/08."

**Initial Response:** "Defendant objects to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The request calls for information expressly exempted from disclosure under the Freedom of Information Act or information protected by California Penal Code § 832.,7, California Evidence Code § 1040, federal common law privilege, the federal official information privilege, and the federal privacy act. Without waiving these objections, after conducting a reasonable inquiry, Defendant does not have possession, custody, or control over any documents responsive to this request."

**Amended Response**:[1] "Defendant objects to this request for production on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The request calls for information expressly exempted from disclosure under the Freedom of Information Act of information protected by California Penal Code § 832.7, California Evidence Code § 1040, federal common law privilege, the federal official information privilege, and the federal privacy act. Without waiving these objections, there are no documents responsive to this request."

**Ruling:** Plaintiff's motion to compel this request is denied. While Defendant initially responded that he did not have custody or control of any responsive documents, the response was amended to reflect that after a reasonable investigation, there are no documents that are responsive to Plaintiff's requests. (Opp'n Ex. A, Am. Resp. of Def. Nicholas.)

---

[1] The Court is mindful of the fact that Defendants amended certain responses to Plaintiff's discovery requests *only* after Plaintiff filed a motion to compel. If any party attempts to withhold documents or provide adequate responses to discovery requests until the other side institutes ligation over the matter through a motion to compel or other relief, then the Court may be inclined to rely solely on the initial response in deciding the matter and for other relief as the court deems just. The court is very attuned to the fact that litigation may require amendments to discovery responses in light of the focused litigation, but is also mindful that it often does not. Careful attention should be given to a first response so as to avoid unnecessary litigation.

1    In the response to Plaintiff's motion to compel, defense counsel further elaborates that
2  Defendant, through counsel, "contacted the Appeals Coordinator at the California Correctional
3  Institution (CCI), who is the custodian of records related to inmate appeals. Paper copies of inmate
4  appeals that are not 'staff complaints' are kept in files by the log number assigned to the appeal, and
5  are not retrievable by the name of a staff member mentioned in the appeal. Paper copies of appeals are
6  maintained at the prison for five years, and a copy is permanently maintained in the individual
7  inmate's Central File. A computer data base is maintained permanently by the Appeals Coordinator.
8  This data base can retrieve information by inmate number and name, and can produce a log that
9  identifies each appeal filed by an inmate during the time he was confined at CCI. The log contains
10 limited information, including the dates the appeal was received and a decision was issued. Each
11 appeal is also identified by the issue involved. Appeals determined to be 'staff complaints,' which are
12 appeals that allege staff misconduct of any kind, not just use of excessive force, are also maintained in
13 a computer data base that can be accessed by the name of the staff member, as required by California
14 Penal Code § 832.7. Any appeal alleging use of excessive force would be designated and processed as
15 a 'staff complaint.' Hard copies are maintained for only five years in the Appeals Office, but a copy is
16 permanently maintained in the inmate's Central File. A request was made to the Appeals Coordinator
17 at CCI, who determined that there are no documents concerning Defendant Nicholas that are
18 responsive to Plaintiff's request." (Opp'n, at 5-6.)
19   Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept
20 Defendant's amended response that no such documents responsive to his request exist, and Plaintiff's
21 motion to compel a further response is denied.
22   **Production of Document 7:** "Please produce a copy of each staff complaint written against
23 you alleging you used excessive force against inmate(s) prior to 1/1/08."
24   **Initial Response:** Defendant objects to this interrogatory on the grounds that it is overly broad
25 and not reasonably calculated to lead to the discovery of admissible evidence. The request calls for
26 information expressly exempted from disclosure under the Freedom of Information Act or information
27 protected by California Penal Code § 832.7, California Evidence Code § 1040, federal common law
28 privilege, the federal official information privilege, and the federal privacy act. Without waiving these

1  objections, after conducting a reasonable inquiry, Defendant does not have possession, custody, or
2  control over any documents responsive to this request.

3      **Amended Response:** Defendant objects to this interrogatory on the grounds that it is overly
4  broad and not reasonably calculated to lead to the discovery of admissible evidence.  The request calls
5  for information expressly exempted from disclosure under the Freedom of Information Act or
6  information protected by California Penal Code § 832.7, California Evidence Code § 1040, federal
7  common law privilege, the federal official information privilege, and the federal privacy act.  Without
8  waiving these objections, after conducting a reasonable investigation, there are no documents
9  responsive to this request.

10     **Ruling:**  Plaintiff's motion to compel this request is denied.  For the same reasons discussed
11 above as to POD 4, Plaintiff must accept Defendant's answer, and any assertion that this Defendant
12 did not do enough to locate responsive documents is baseless.

13     **b.**    **Defendant Holguin**

14     **Production of Document 23:** "Please produce a copy of each 602 filed against you by inmates
15 alleging you used excessive force against them, prior to 1/1/08."

16     **Initial Response:** Defendant objects to this request on the ground that it is overly broad,
17 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The
18 request calls for information expressly exempted from disclosure under the Freedom of Information
19 Act or information protected by California Penal Code § 832.7, California Evidence Code § 1070,
20 federal common law privilege, the federal official information privilege, and the federal privacy act.
21 Without waiving these objections, after conducting a reasonable inquiry, Defendant does not have
22 possession, custody, or control over any documents responsive to this request.

23     **Amended Response:** "Defendant objects to this request on the grounds that it is overly broad,
24 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The
25 request calls for information expressly exempted from disclosure under the Freedom of Information
26 Act or information protected by California Penal Code § 832.7, California Evidence Code § 1040,
27 federal common law privilege, the federal official information privilege, and the federal privacy act.
28 ///

7

1  Without waiving these objections, after conducting a reasonable inquiry, the only document
2  responsive to this request is the administrative appeal filed by Plaintiff, Log No. CCI-D-07-1294, the
3  original of which is in Plaintiff's possession."

4  **Ruling:** Plaintiff's motion to compel this request is denied as Defendant Holguin already served
5  the documents in his possession.

6      **c.**    **Defendant Juden**

7    **Production of Document 9:** "Please produce a copy of the CDCR CCI training manual on
8  decontamination process after exposure to chemical agents (O.C. pepper spray, T-16 grenade-etc.)
9  used as force on inmates."

10  **Response:** "After conducting a reasonable inquiry, Defendant does not have possession, custody,
11  or control over any documents responsive to this request."

12  **Ruling:** Plaintiff's motion to compel this request is granted in part.   Although Defendant initially
13  responded that he did not have possession, custody, or control over any such documents, in their
14  opposition to Plaintiff's motion , defense counsel clarifies that there "is no training manual" on
15  decontamination following the use of OC spray.  Plaintiff was previously served with CDCR's 'Use of
16  Force Policy,' which provides that after exposure to OC spray, decontamination can be by either water
17  or air.  The Use of Force Policy does not make any distinction between any of the various forms of
18  OC.  Although there is no 'training manual,' Counsel has been informed that there i[s]-service training
19  materials on 'use of force.'  These materials would include training on the use of OC.  Counsel has
20  been unable to obtain those documents, because the custodian of the records was not at the prison at
21  the time counsel requested the documents.  Plaintiff will be served with an appropriate amended
22  discovery response when Counsel receives the documents."

23  Based on counsel's representation, Plaintiff has or will be provided will all documents responsive
24  to his request.  The Court will direct Defendant Juden to file an amended response to Plaintiff's
25  request within thirty days from the date of service of this order.
26  ///
27  ///
28  ///

### d.  Defendant Valverde

**Production of Document 13:** "Please produce every document that support your answer to interrogatory No 15 (to include but not be limited to, instruction manuals, labels-training manuals and etc…)"

**Response:** "Defendant objects to this request on the grounds that it lacks foundation and calls for speculation. Without waiving these objections, Defendant refers Plaintiff to the prison's use of force policy, which is attached as Exhibit C. After conducting a reasonable inquiry, Defendant does not have possession, custody, or control over any additional documents responsive to this request."

**Amended Response:** Defendant objects to this request on the grounds that it lacks foundation and calls for speculation. Without waiving these objections, Defendant refers Plaintiff to the prison's use of force policy, which is attached as Exhibit C. After conducting a reasonable inquiry, there are no other documents responsive to this request. However, see Attachment 1, for a copy of the applicable "Material Safety Data Sheets" for the T-16 OC grenade and the OC spray."

**Ruling:** Plaintiff's motion to compel this request is denied. As counsel declares in the opposition, there are no other documents other than the Use of Force Policy previously provided to Plaintiff. Counsel also provided Plaintiff with a "Material Safety Data Sheet" for the T-16 grenade and OC spray. Plaintiff must accept Defendant's response.[2]

### III.
### ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel is DENIED as to Defendant Nicholas Production of Document 4 and 7, Defendant Holguin Production of Document 23, and Defendant Valverde Production of Document 13; and

---

[2] The Court notes that the persistent use of "boilerplate" objections without any explanation as to the circumstances of the present request may have legal consequences at the time of trial. In this instance, while Defendants ultimately provided an adequate response to Plaintiff's request, if a witness subsequently bases their testimony on certain documents not provided in response to a discovery request, it may affect the witnesses' credibility.

9

2. Plaintiff's motion to compel is GRANTED in part as to Defendant Juden Production of Document 9, and within **thirty (30)** days from the date of service of this order, Defendant Juden shall submit the supplemental documents as referenced in his response (and herein) to Plaintiff's motion, unless he has already done so.

IT IS SO ORDERED.

Dated: **January 22, 2014**

UNITED STATES MAGISTRATE JUDGE