UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. NICHOLAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00800-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS FOR IMPOSITION OF SANCTIONS AND MOTION FOR STAY OF PROCEEDINGS<br><br>[ECF Nos. 125, 127, 133] |

Plaintiff Virgil E. Holt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 8, 2014, Plaintiff filed a motion for sanctions.[1] Defendants filed an opposition on May 29, 2014.

On June 27, 2014, Plaintiff filed a motion to stay proceeding of the summary judgment pending the instant motion for sanctions.

## I.

## BACKGROUND

In the instant action, Plaintiff contends that Defendants Nicholas, Holguin, Ortega, Machado, and Juden used excessive force on him by dispensing O.C. pepper spray into his cell on April 9, 2007,

---

[1] Plaintiff submitted and filed the identical motion on June 5, 2014.  (ECF No. 127.)

1

1  and Defendants Carrasco and Zanchi knew that Nicholas and Holguin would use excessive force and
2  failed to act to prevent it.  Plaintiff further contends that Defendants Adame, Bubbel, Coontz, Knight,
3  Large, Pinkerton, Prior, Rivera, Soto, Tyree, Valverde, Vo, Worrell, and Yubeta were deliberately
4  indifferent to a serious medical need by refusing to provide Plaintiff with any decontamination while
5  he waited for several hours to be rehoused in the administrative segregation unit.

6        On October 28, 2013, Plaintiff moved to compel Defendants to provide further discovery
7  responses.  Defendants filed an opposition on November 18, 2013.  Plaintiff did not file a reply.  On
8  January 21, 2014, the Court granted in part, and denied in part, Plaintiff's motion to compel.  (ECF
9  No. 121.)  The Court ordered Defendant Juden to supplement his response to request for production
10  number nine and produce a copy of "CCI's training manual on decontamination process after exposure
11  to chemical agents (O.C. pepper spray, T-16 grenade, etc.) used as force on inmates."  (Id. at 8:7-9.)
12  The Court denied Plaintiff's motion as to Plaintiff's request for production number thirteen as to
13  Defendant Valverde, finding that Defendant had previously provided the "Material Safety Data
14  Sheets" for T-16 OC grenade and the OC Spray, and that Plaintiff had to accept counsel's declaration
15  that there were no other documents responsive to this request.  (ECF No. 121, 9:13-17.)

16        As previously stated, on May 8, 2014, Plaintiff moved for sanctions against Defendants
17  claiming that Defendant Valverde had misrepresented his response to the Court, and had provided the
18  data sheets for a flameless expulsion grenade rather than a T-16 grenade.  Plaintiff also moved for
19  sanctions against Defendant Juden for failure to respond as ordered by the Court.  Defendants filed an
20  opposition on May 29, 2014.

21  **II.**
22  **DISCUSSION**

23       Rule 37(c)(1) provides that where a party fails to provide the information "required by Rule 26
24  (a) or (e), the party is not allowed to sue that information or witness to supply evidence on a motion, at
25  a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.
26  37(c)(1).  The burden of showing that the failure to disclosure was substantially justified or harmless
27  lies with the party facing sanctions.  R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d
28  1240, 1246 (9th Cir. 2012).  "Rule 37(c)(1) gives teeth to these requirements for forbidding the use at

1  trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."
2  Hoffman v. Constr. Protective Servs. Inc., 541 F.3d 1175, 1179 (9th Cir. 2008).

3      This Court, on motion or on its own, may also issue sanctions under Rule 16(f) in the event
4  that a party or their attorney fails to obey a scheduling or pretrial order.  Fed. R. Civ. P. 16(f).  The
5  Court may issue any just sanctions, including those authorized by Rule 37(b)(2)(A)(ii)-(vii).  Id.

6      Finally, this Court may issue sanctions under its inherent power, but only upon a showing of
7  bad faith.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991); see also Mendez v. County of
8  San Bernardino, 540 F.3d 1109, 1130-1133 (9th Cir. 2008) (vacating sanction order imposed under
9  district court's inherent powers where the court did not make a bad faith finding before imposing
10 sanctions and the record did not support such a finding); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir.
11 2001) (noting that Chambers used "'bad faith' as a shorthand term to encompass a broad range of
12 conduct in observing that a party may 'show [] bad faith by delaying or disrupting the litigation or by
13 hampering enforcement of a court order'" (quoting 501 U.S. at 46)).

14     Plaintiff seeks sanctions against Defendants for failure to comply with the Court order in the
15 form of: (1) a default judgment against Defendants; (2) an order barring Defendants from submitting
16 the documents provided into evidence; (3) an order striking Defendant Valvarde's supplemental
17 response to Plaintiff Request for Documents 13; (4) an order staying the case until Defendant Juden
18 has obeyed the Court's order; and (5) an award of $2,000.00 in monetary sanctions.

19     Entry of default is not an appropriate sanction in this case.  The Ninth Circuit employs a five
20 factor test to determine whether dismissing a case as a sanction is appropriate, which includes: "(1) the
21 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
22 the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their
23 merits; and (5) the availability of less drastic sanctions."  In re Exxon Valdez, 102 F.3d 429, 433 (9th
24 Cir. 1996).

25     In this instance, Plaintiff was not prejudiced by the failure to provide the documents as
26 ordered, and there is no showing otherwise by Plaintiff.  Defendant Valverde provided a supplemental
27 response to Plaintiff's request for production of documents, set one on November 18, 2013, in which
28 he stated the following:

>Defendant objects to this request on the grounds that it lacks foundation and call [sic] for speculation. Without waiving these objections, Defendant refers Plaintiff to the prison's use of force policy, which is attached as Exhibit C. After conducting a reasonable inquiry, there are no other documents responsive to this request. However, see Attachment 1, for a copy of the applicable "Material Safety Data Sheets" for the T-16 OC grenade and the OC spray. (ECF No. 125, Ex. A.)

In opposition to Plaintiff's motion for sanctions, Defendant submits the declaration of D. Robbins, Use of Force Coordinator at California Correctional Institution (CCI) in Tehachapi, California. (ECF No. 126-1, Ex. A.) D. Robbins declares that "As the Use of Force Coordinator, I am familiar with different types of force that can be utilized by correctional staff. This includes a working knowledge of the types of chemical agents used by CDCR. [¶] On May 12, 2014, I was contacted by the Litigation Coordinator at CCI, and asked to explain the difference between a T-16 OC grenade and a flameless expulsion grenade. There is no difference between the two. T-16 OC grenade and flameless expulsion grenade are different names for the same item." (Id., Decl. of D. Robbins, at ¶¶ 1-3.) Given Defendant's supplemental response and declaration by D. Robbins, Defendant has provided an adequate explanation and response to Plaintiff's request for production of documents and Plaintiff must accept such response, and there does not appear to be a display of bad faith to warrant sanctions under these circumstances.

With regard to Defendant Juden, defense counsel indicates that in researching Plaintiff's instant motion for sanctions, she discovered that Defendant Juden "had not supplemented his responses as ordered by the Court [by way of order issued January 22, 2014]." The response has now been supplemented. (ECF No. 125, Ex. B.) Defendant Juden provided a copy of the CDCR CCI training manual regarding the procedures for decontamination for exposure to pepper spray. (Id.) Accordingly, although Defendant Juden did fail to comply with the Court's order, it appears that such failure was attributable to negligent, not intentional, conduct of prior counsel and not done in bad faith. Current counsel researched Plaintiff's motion for sanctions, and subsequently corrected the failure by providing Plaintiff with an appropriate response to his discovery request as ordered by the Court. Given that Plaintiff has received all information as ordered by the Court, the supplemental production by Defendants reflects an absence of bad faith and Plaintiff has not been prejudiced sufficient to impose sanctions under Rule 37 of the Federal Rules of Civil Procedure.

## III.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the imposition of sanction is DENIED; and
2. Plaintiff's motion to stay the proceedings pending his motion for imposition of sanctions is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **July 9, 2014**

UNITED STATES MAGISTRATE JUDGE