UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT,<br><br>  Plaintiff,<br><br>  v.<br><br>R. NICHOLAS, et al.,<br><br>  Defendants. | Case No.: 1:09-cv-00800-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING DOES 1 THROUGH FIVE AND EIGHT THROUGH TEN, AND REFERRING MATTER BACK TO MAGISTRATE JUGDE FOR FURTHER PROCEEDINGS<br><br>[ECF Nos. 123, 141] |

Plaintiff Virgil E. Holt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 28, 2015, the Magistrate Judge issued Findings and Recommendations ("F&R") recommending that Defendants' motion for summary judgment be denied in part and granted in part. (ECF No. 141.) The F&R was served on the parties and contained notice that objections were to be filed within thirty days.

The F&R specifically recommended that summary judgment be denied as to Defendants Nicholas, Holguin, Ortega, Machado, Juden and Velasco, and granted as to Defendants Carrasco, Zanchi, Adame, Rivera, Valverde, Coontz, Bubbel, Prior, Tyree, Large, Soto, Yuberta, Vo, Worrell, Knight, Crouch and Pinkerton.

On February 20, 2015, Plaintiff filed objections. (ECF No. 143.) In his objections, Plaintiff objects to the grant of summary judgment as to Defendants Adame, Rivera, Bubbel, Crouch and Tyree

on Plaintiff's claim of deliberate indifference for failure to decontaminate him following officers' use of o.c. pepper spray on April 9, 2007.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012);[1] Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

**I.      Defendants Adame and Rivera**

Plaintiff contends that his "evidence established a materially relevant timeline based upon the Defendants' own 837(c) incident reports and records (that were created in April 2007 while the incident and events were still fresh on their minds) which establish that plaintiff was not, and could not have possibly been, provided 15 minutes outside HU 3 air decontamination prior to Defendants Adame and Rivera arrived at HU 3 and escorting plaintiff to clinic holding area." (ECF No. 143, Objections at 5-6.) Plaintiff contends that Defendants' incident reports indicate that the incident at issue occurred on April 9, 2007 at 9:20 a.m. which establishes a five minute timeline from when Defendants' arrived at Plaintiff's cell to the time Defendant Bubbel began his medical evaluation of Plaintiff at 9:25 a.m. after Defendants Adame and Rivera transported Plaintiff from HU 3 to the clinic holding area.

---

[1] Overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014);

1       Contrary to Plaintiff's contention, however, the evidence does not create a genuine issue of material fact that Defendants Adame and Rivera "knew of and disregarded" an excessive risk to Plaintiff's health and safety by failing to provide decontamination.  Adame and Rivera declare that neither of them was aware how long Plaintiff remained outside of the HU 3 before their arrival to transport Plaintiff to the clinic following the use of pepper spray.  (ECF No. 123, Ex. 1, Decl. of Adame at ¶ 9; Ex. 15, Decl. of Rivera at ¶ 9.)  However, at his deposition, Plaintiff stated that he remained outside of HU 3 (after the use of pepper spray and prior to escort by Defendants Adame and Rivera) for "maybe 10 or 15 minutes."  (ECF No. 123, Depo. of Plaintiff at 117.)  When Defendants Adame and Rivera arrived to transport Plaintiff to the clinic, Plaintiff was not coughing, gagging, or short of breath, see Decl. of Adame at ¶ 9; Decl. of Rivera, at ¶ 9, and air decontamination is intended to address pepper spray's effects on the respiratory system.  See ECF No. 123, Ex. 14, Decl. of Prior at ¶ 11.

      The officers' incident reports indicate that the incident at issue took place on April 9, 2007, at 9:20 a.m.  Plaintiff cites to the declaration of Defendant Bubbel in which Bubbel declares that he examined Plaintiff at *approximately* 9:25 a.m. on April 9, 2007.  (ECF No. 123, Ex. 2, Decl. of Bubbel, at ¶ 14.)  While Plaintiff phrases that Defendant Bubbel examined Plaintiff at exactly 9:25 a.m., which would be a five minutes time frame from the 9:20 incident, Plaintiff's interpretation is misplaced because Bubbel declared that he examined Plaintiff at *approximately* 9:25 a.m., and his incident report confirms several actions which took place on April 9, 2007, beginning at 9:25 a.m., but prior to Bubbel's examination of Plaintiff.  (Id.)  In the incident report, Defendant Bubbel narrated that on April 9, 2007, he responded to HU 3 with his emergency bag and gurney at approximately 9:25 a.m.  He witnessed inmate Murray on the ground having a seizure.  Bubbel assessed inmate Murray and then placed him on a gurney to be transported to the clinic for further assessment.  Bubbel arrived with inmate Murray to the clinic and inmate Murray was placed in the emergency room.  Bubbel then completed a form 7219 for officer Smith who received injuries.  Bubbel then went to the clinic holding area for physical assessments of Plaintiff, and four others.  Bubbel assessed inmate Love, Rogers, and Martinez, prior to assessing Plaintiff.  (ECF No. 123, Ex.2, Decl. of Bubbel, Ex. A.)  The circumstances of Bubbel's actions on April 9, 2007, beginning at approximately 9:25 a.m., are

consistent with Plaintiff's deposition testimony that he remained outside for "maybe 10 to 15 minutes" and inconsistent with Plaintiff's assertion that Defendant Bubbel assessed Plaintiff at precisely 9:25 a.m.

It is undisputed that it took a few minutes to walk from HU 3 to the clinic holding area (see Declarations of Adame and Rivera), and even assuming the truth of Plaintiff's assertion that it took one and one half minutes, the fact remains admitted and undisputed that Plaintiff remained outside the HU 3 prior to escort by Defendants Adame and Rivera for "maybe 10 to 15 minutes."

Furthermore, Plaintiff's second amended complaint (upon which this action proceeds) never indicated that Plaintiff was only outside for one and one half minutes. (See ECF No. 21.) Plaintiff's subsequent self-serving claim, in contradiction to prior sworn testimony given under oath at his deposition, that he remained outside for only one and one half minute, does not create a genuine issue of material fact.

## II.     Defendant Bubbel

Plaintiff also opposes the grant of summary judgment as to Defendant Bubbel, and challenges the claim that Bubbel believed Plaintiff was provided proper decontamination prior to the medical examination. In addition to the reasons explained above regarding the actions of Bubbel on April 9, 2007, prior to examination of Plaintiff, Bubbel further declared that he was advised that Plaintiff was exposed to o.c. pepper spray at approximately 9:00 a.m, and irrespective Bubbel examined Plaintiff for approximately five minutes and recorded his observations. (ECF No. 123, Ex. 2, Decl. of Bubbel at ¶¶ 12, 14.) Although Bubbel noted that Plaintiff indicated his skin was still burning due to the exposure to o.c. pepper spray, he declared that it is not uncommon for an individual to experience a burning sensation for forty-five minutes after exposure. (Id. at ¶ 14.) Bubbel did not consider Plaintiff's complaints to be unusual or the basis for further examination or medical treatment. (Id.) Thus, for the reasons explained herein and in the Findings and Recommendations, there is no genuine issue of material fact that Defendant Bubbel "knew of and disregarded" an excessive risk to Plaintiff's health and safety, and summary judgment shall be granted. Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

**III.     Defendants Tyree and Crouch**

Plaintiff challenges the grant of summary judgment as to Defendants Tyree and Crouch and contends that they failed to provide proper decontamination.  Plaintiff contends that one and a half hours after Plaintiff was exposed to o.c. pepper spray, Defendants Tyree and Crouch interviewed him and took photographs of Plaintiff covered in chemical agents.

On April 9, 2007, Tyree and Crouch interviewed and photographed Plaintiff in order to document the presence or absence of gang tattoos.  Tyree and Crouch believed that Plaintiff was provided sufficient air decontamination for exposure to o.c. pepper spray prior to his arrival in the clinic holding area.  (ECF No. 123, Ex. 17, Decl of Tyree at ¶ 11; Ex. 5, Decl. of Crouch at ¶ 11.)  It appeared to Tyree and Crouch that Plaintiff had subsequently washed himself with water from inside the holding cell, and they had no knowledge how long Plaintiff had occupied the holding cell or how long he would remain in the holding cell.  (Id. at ¶¶ 11, 12.)  Crouch and Tyree also were trained that the effects of pepper spray would dissipate within about 45 minutes, pepper spray is biodegradable, and that the effects of pepper spray will dissipate without washing.  See Ex. 5, Decl. of Crouch at ¶¶ 5, 6, 7; Ex. 17, Decl of Tyree at ¶¶ 5, 6, 7.

The above aspects of Crouch and Tyree's declarations defeat the subjective component of an Eighth Amendment claim.[2]  Pursuant to prison policy, decontamination by air and water are equally effective ways to decontaminate following exposure to o.c. pepper spray.  (ECF No. 123, Ex. 14, Decl. of Prior at ¶ 4, Ex. A.)  Although Plaintiff states that he was still experiencing burning on his skin from the pepper spray and that the 1 ½ hours had elapsed, Plaintiff has presented no evidence that either Crouch or Tyree actually knew that Plaintiff had been in the holding cell for 1 ½ hours.  Without such evidence, there is insufficient evidence that Crouch and Tyree actually knew of and disregarded a serious risk of harm to Plaintiff.  Based upon the evidence before the Court, and the reasons stated herein and in the F&R, there is no genuine issue of material fact that either Defendant

---

[2] The Court notes that the F&R found that a statement by inmate Garner, in which he informed Crouch and Tyree that the sink in the holding cell was clogged, was inadmissible hearsay.  The Court respectfully disagrees with this conclusion.  The statement of Garner would be admissible to show that Crouch and Tyree had been informed/had knowledge of the clogged sink, which is a non-hearsay purpose.  See Coppola v. Smith, 2015 U.S. Dist. LEXIS 5127, *6 n.2 (E.D. Cal. Jan. 15, 2015).

Tyree or Crouch "knew of and disregarded" an excessive risk to Plaintiff's health or safety, and summary judgment shall be granted.  See Wilhelm, 680 F.3d at 1122; Jett, 439 F.3d at 1096.

## CONCLUSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on January 28, 2015, is ADOPTED consistent with this order;
2. Defendants' motion for summary judgment is GRANTED in part and DENIED in part as follows:

    a. Summary judgment is DENIED as to Defendants Nicholas, Holguin, Ortega, Machado, Juden, and Velasco.  This action shall proceed against Defendants Nicholas, Holguin, Ortega, Machado, and Juden on Plaintiff's claim of excessive force, failure to intervene, and deliberate indifference to a serious medical claim in violation of the Eighth Amendment;[3] and against Defendant Velasco on Plaintiff's claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment;

    b. Summary judgment is GRANTED as to Defendants Carrasco, Zanchi, Adame, Rivera, Valverde, Cootnz, Bubbel, Prior, Tyree, Large, Soto, Yuberta, Vo, Worrell, Knight, Crouch, and Pinterton;

---

[3] Defendants Nicholas, Holguin, Ortega, Machao, and Juden did not move for summary judgment on Plaintiff's claim of deliberate indifference to a serious medical need, despite the Court's July 23, 2010, Findings and Recommendation (adopted in full, ECF No. 28) having found such claim cognizable.  (ECF No. 23.)

3. Does One through Five and Eight through Ten are dismissed from the action (ECF Nos. 140 & 142); and

4. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 19, 2015

SENIOR  DISTRICT  JUDGE