# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL E. HOLT, | Case No.: 1:09-cv-00800-SAB (PC) |
| Plaintiff, | |
| v. | |
| R. NICHOLAS, et al., | |
| Defendants. | |

Plaintiff Virgil E. Holt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on January 19, 2016.

On October 1, 2015, Plaintiff filed a motion for the appointment of counsel.

This action is proceeding against Defendants Nicholas, Holguin, Ortega, Machado, and Juden for excessive force, failure to intervene and deliberate indifference to a serious medical need, and against Defendant Velasco for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

As Plaintiff has previously been advised there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

1

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  While counsel may be able to cross-examine witnesses at trial, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particular in the realms of discovery and the security of expert testimony.")  Indeed, any pro se litigant "would be better served with the assistance of counsel."  Id.

In this case, Plaintiff is proceeding on his claims of excessive force, failure to intervene and deliberate indifference to a serious medical need, and to date, Plaintiff has demonstrated an ability to articulate the factual and legal basis for his arguments and has effectively litigated this case.  Based on the information presently before the Court, it is clear that Plaintiff has the competence necessary to pursue this case to trial.  Accordingly, Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 5, 2015**

UNITED STATES MAGISTRATE JUDGE